**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

KATHLEEN ALMEDA, *et al.*                                                                  PLAINTIFFS

v.                                     No. 3:05CV00024 JLH

CRITTENDEN COUNTY, ARKANSAS,
a Political Subdivision of the State of Arkansas                           DEFENDANT

**ORDER**

The plaintiffs have filed a motion to determine the sufficiency of responses to requests for admissions and to compel answers to interrogatories. The motion addresses two requests for admissions and two companion interrogatories.

Request for Admission No. 1 asks the defendant to admit that the time clock records produced by the defendant to the plaintiffs are accurate. Interrogatory No. 16 asks the defendant to specify which time records, if any, are inaccurate, to state the hours that the defendant contends that the affected plaintiff or plaintiffs worked on each date so identified, describe in detail the complete factual basis for the contention that the time record is inaccurate, to identify all documents that support each such contention, and to describe in detail any efforts made on or near the date the record was generated to correct the alleged inaccuracy.

Request for Admission No. 3 asks the defendant to admit that the radio call logs produced by the defendant to the plaintiffs are accurate. Interrogatory No. 18 asks the defendant to specify the radio call logs that it contends are inaccurate, to state the hours that the defendant contends that the affected plaintiff or plaintiffs worked on each date so identified, to describe in detail the complete factual basis for the defendant's contention that the radio call logs are inaccurate, to identify all

documents that support each such contention, and to describe in detail the efforts made on or near the date the call log was created to correct the alleged inaccuracy.

The defendant denied Request for Admission No. 1 and Request for Admission No. 3 because, it said, there are hundreds or thousands of entries in the time records and on the radio call logs over a period of four years, and some of them are accurate but some are not. In response to Interrogatory No. 16, the defendant produced a computer disk with a spreadsheet for the period 2002 through 2004 documenting what it contends are accurate time records for each plaintiff for each day. The defendant has also delivered a chart summarizing this data for all of the plaintiffs for the years 2002 through 2005 with the assumption that the overtime hours earned and overtime compensation owed for 2005 was an average of that earned in 2002 through 2004. The defendant adds that the "actual computer disk for 2005 is nearing completion and will be delivered to plaintiffs' attorney as soon as possible." The defendant notes that the issue with respect to the time clock records relates primarily to the failure of the employees to check out when they go to lunch or at the end of the day. The radio call log records represent the dispatcher's record of what the dispatcher was told by a deputy sheriff as to whether the deputy sheriff was in his car and not at home or out of the car and at home for the years 2002 through 2006. The defendant argues that it has no way of knowing and no way of determining whether the thousands of entries made are correct or not because the accuracy or inaccuracy of any entry depends upon whether it was accurately reported by the deputy and whether it was accurately reported by different dispatchers.

It appears from reviewing the motion and exhibits thereto, along with the response and the exhibits thereto, that the defendant has made a good faith effort to respond to the requests for admission and the interrogatories. The spreadsheets that have been delivered and will be delivered,

as described in the Affidavit of Melba Rushing, represent a good faith response to Request for Admission No. 1 and Interrogatory No. 16. The defendant is correct that it has no way of determining whether any specific entry in the radio call logs is accurate or inaccurate. Therefore, the motion to determine sufficiency of responses to requests for admissions and to compel answers to interrogatories is DENIED. Document #107.

IT IS SO ORDERED this 18th day of October, 2006.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE