**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

ROBERT BRETHERICK and                                                    PLAINTIFFS
LEON HALEY

v.                                          NO. 3:05CV00024 JLH

CRITTENDEN COUNTY, ARKANSAS,
a political subdivision of the State of Arkansas                          DEFENDANT

<u>**OPINION AND ORDER**</u>

Sixty-four present and former employees of Crittenden County, Arkansas, brought this suit on behalf of themselves and others similarly situated seeking overtime and minimum-wage compensation from the County under the Fair Labor Standards Act. Both Robert Bretherick and Leon Haley filed consents to join this action. The County settled the claims of all the other plaintiffs in this case, and now seeks summary judgment on Bretherick's and Haley's claims for overtime compensation. The plaintiffs have also filed a motion for summary judgment. A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005). A genuine issue of material fact exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. For the following reasons, the County's motion for summary judgment is granted in part and denied in part. The plaintiffs' motion for summary judgment is denied.

# I.

The following are the undisputed facts. Bretherick was employed by the County as the jail administrator for the Crittenden County Detention Center from February 1999 through September 2003. Bretherick's last day of work at the detention center was August 15, 2003. Bretherick was terminated on September 30, 2003. Shortly after Bretherick was terminated by the County, he sought compensation for overtime he had accumulated. County officials repeatedly told Bretherick that he was not legally entitled to compensation for any overtime he worked.

Haley was employed by the County beginning August 17, 1992. He was promoted to chief jailer at the detention center in December 2000. On his January 2002 timesheet, Haley had listed 176 hours of "COMP TIME" that he had previously accrued. According to Haley's timesheets, Haley accumulated an additional 62 hours of overtime from February 2002 to September 2002 and took 14 hours off of compensatory time.[1] Haley left his employment with the County on September 30, 2002. Beginning October 4, 2002, Haley was on active duty with the 216th Military Police Guard Company.

Both Bretherick and Haley filed their consents to join this action on December 15, 2005. They now allege that the County owes them overtime compensation for the time they worked at the detention center.

# II.

The County argues that Bretherick's claim for unpaid overtime is barred by the FLSA's statute of limitations. Any action brought under the FLSA "shall be forever barred unless

---

[1] Pursuant to 29 U.S.C. 207(o), a county employer can grant compensatory time off at the rate of one-and-one-half hours per overtime hour worked in lieu of overtime compensation.

commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). A cause of action "accrues" under the FLSA when an employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends. *Mid-Continent Petroleum Corp. v. Keen*, 157 F.2d 310, 316 (8th Cir. 1946). An employee "commences" a cause of action under the FLSA when he files his written consent with the court if the employee's name does not appear on the complaint. 29 U.S.C. § 256(b).

Here, the last day Bretherick worked, and therefore the last day the County might have failed to pay him overtime, was August 15, 2003. The record does not contain the date of the regular pay day for the workweek ending on August 15. However, viewing the facts in the light most favorable to Bretherick, the regular pay day for that week could not have been any later than the end of the month, or shortly thereafter.[2] Because Bretherick's name did not appear on the complaint, his suit commenced when he filed his consent with the Court on December 15, 2005, more than two years after his cause of action accrued. Thus, Bretherick's action for unpaid overtime compensation is barred by the FLSA, unless the County wilfully violated the statute.

Bretherick argues that the County did wilfully violate the FLSA. To show that an FLSA violation is willful, an employee must show that the employer was more than negligent. Neither an employer's general knowledge about the statute's potential applicability, nor an employer's lack of a "reasonable basis for believing that it was complying" with the FLSA, is by itself sufficient to demonstrate an employer's willfulness. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 134, 108 S. Ct. 1677, 1681, 1682, 100 L. Ed. 2d 115 (1988); *see also Samuels v. Kansas City Mo. Sch.*

---

[2] Bretherick's timesheets are arranged in monthly intervals.

*Dist.*, 437 F.3d 797, 803 (8th Cir. 2006). Rather, an FLSA violation is only willful if the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin*, 486 U.S. at 133, 108 S. Ct. at 1681.

There is no evidence to show that the County had knowledge that its failure to pay Bretherick overtime violated the FLSA. On the contrary, the evidence shows that the County has consistently believed that it was acting in accordance with the law by denying Bretherick overtime pay. Bretherick in his own affidavit wrote that county officials repeatedly told him that he was not "legally entitled" to compensation for overtime. Consistent with those statements, the County vigorously argues that Bretherick's duties as jail administrator exempted him from the overtime provisions of the FLSA. Perhaps most telling, though, is Bretherick's September 30, 2002, letter to Sheriff Busby, Bretherick's superior. In that letter, Bretherick wrote that he had told Haley that Haley's position as chief jailor – a lower-level position than jail administrator – precluded Haley from earning compensatory time due to its title and salary level. No evidence shows that the County believed at the time that it failed to pay overtime to Bretherick that it was violating the FLSA. For the same reasons, Bretherick has failed to present evidence from which a reasonable jury could conclude that the County showed reckless disregard for Bretherick's statutory rights when it failed to pay him overtime.

In the alternative, Bretherick argues that the County should be equitably estopped from asserting the statute of limitations as a defense. Bretherick bases his equitable estoppel argument on the fact that County officials repeatedly told him that he was not legally entitled to compensation for overtime. Bretherick's equitable estoppel argument fails, however, because "[t]he fact that [an employer took] a different legal position [from an employee] on entitlement to overtime pay is not

enough to warrant tolling." *Christofferson v. United States*, 64 Fed. Cl. 316, 327 (2005); *accord Viciedo v. New Horizons Computer Learning Ctr. of Columbus, Ltd.*, 246 F. Supp. 2d 886, 904 (S.D. Ohio 2003). The County's explicit denial of Bretherick's request for overtime compensation put Bretherick on notice that they were not going to pay him overtime. He therefore had two years from that point to file suit. Because Bretherick failed to do so, his claim for overtime compensation is barred by the FLSA's statute of limitations.

## III.

The County argues that Haley's claim for unpaid overtime is barred by the statute of limitations as well.[3] It is undisputed that all of the pay periods for which Haley claims the County failed to pay him overtime preceded by more than three years Haley's filing of his consent in this action. Thus, the FLSA's statute of limitations bars Haley's suit unless it was tolled. Haley argues that the Servicemembers Civil Relief Act, 50 U.S.C. app. § 501 et seq., tolled the statute of limitations while Haley was on active duty from October 4, 2002, through June 26, 2006. Section 206 of the Act provides:

> The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or

---

[3] The County also argues that summary judgment should be granted in its favor on Haley's claim for unpaid overtime because Haley waived his claim by failing to report additional overtime when the County paid him for his accrued compensatory time. That argument lacks any merit. An employee cannot waive a claim for overtime under the FLSA. *See Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740, 101 S. Ct. 1437, 1444-45, 67 L. Ed. 2d 641 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate.") (quotation omitted). Moreover, a review of Haley's timesheets show that he *did* report all the overtime hours he now claims. Haley just failed to multiply the overtime hours by one-and-a-half when recording them in the box marked "COMP TIME" on his timesheets.

against the servicemember or the servicemember's heirs, executors, administrators, or assigns.

50 U.S.C. app. § 526(a). The County argues that this provision does not toll the FLSA's statute of limitations because the "FLSA's limitations statute (29 [U.S.C. § 255(a)]) is silent as to whether or not the running of the two year period of limitations may be suspended for any cause." While the FLSA's limitations statute may be silent, the Servicemembers Civil Relief Act is crystal clear: the period of a servicemember's military service may not be included in computing *any* period limited by law. 50 U.S.C. app. § 526(a). As another argument against the application of the Act, the County cites *Bauserman v. Blunt*, 147 U.S. 647, 13 S. Ct. 466, 37 L. Ed. 316 (1893), for the proposition that the operation of a statute of limitations is not suspended by a subsequent disability to sue once the statute has begun to run absent an express provision in the statute of limitations itself. *Bauserman* does not support that argument. It states only that "[i]n the absence of [an] express statute . . . to the contrary," the running of a statute of limitations cannot be suspended by a subsequent disability. *Id.* at 657, 13 S. Ct. at 470. Nothing the Supreme Court said in *Bauserman* requires the "express statute" to be a part of the statute of limitations. Here, the express statute suspending the FLSA's statute of limitations is the Servicemembers Civil Relief Act. Thus, if Haley was performing military service at any point between September 30, 2002, and December 15, 2005, that period of military service is excluded for purposes of calculating the statute of limitations for the FLSA.

The Servicemembers Civil Relief Act defines "military service" in the case of a member of the National Guard to include "service under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days." *Id.* § 511(2)(A)(ii). Haley stated in his affidavit that he was a member of the National Guard and that from October 4, 2002,

through June 26, 2006, he was on active duty with the 216th Military Police Guard Company on tours of duty at Fort Leonard Wood, Missouri, and Guantanamo Bay, Cuba. The County offers no evidence to the contrary. The County does offer evidence that Haley was stationed in West Memphis after June 24, 2004. Based on that evidence, the County argues that the statute of limitations should not be tolled by the Servicemembers Civil Relief Act after June 24, 2004, because Haley was residing in Crittenden County and able to pursue his legal rights. The County cites no case law to support that argument.

The Supreme Court has confronted and rejected a similar argument. The issue in *Conroy v. Aniskoff*, 507 U.S. 511, 113 S. Ct. 1562, 123 L. Ed. 2d 229 (1993), was whether a member of the Armed Services must show that his military service prejudiced his ability to redeem title to property in order for the Soldiers' and Sailors' Civil Relief Act[4] to toll the statute of limitations. The Supreme Court held that the servicemember need not make such a showing of prejudice. According to the Supreme Court, "[t]he statutory command in § 525 [– the predecessor to § 526 –] is unambiguous, unequivocal, and unlimited;" none of the respondent's arguments "justif[ied] a departure from the unambiguous statutory text." *Id*. at 514, 113 S. Ct. at 1564-65. Because this Court is obligated to follow the "unambiguous statutory text" of § 206 of the Servicemembers Civil Relief Act, Haley's period of active service from October 4, 2002, through June 26, 2006, tolled the statute of limitations for Haley's FLSA claim.

Factual issues remain to be tried, however, concerning whether Haley as chief jailer was an

---

[4]The Soldiers' and Sailors' Civil Relief Act was the predecessor to the Servicemembers Civil Relief Act. Their tolling provisions are substantially identical.

"employee employed in a bona fide . . . administrative . . . capacity" as defined in 29 C.F.R. § 541.2[5] and therefore exempt from the overtime provisions of the FLSA under 29 U.S.C. § 213(a)(1). To be an exempt administrative employee, 29 C.F.R. § 541.2 required (1) that the employee's primary duty consist of the performance of office or nonmanual work directly related to management policies or the general business operations of his employer; (2) that the employee customarily and regularly exercise discretion and independent judgment; (3) that the employee either regularly assist an employee employed in a bona fide executive or administrative capacity or perform under only general supervision work requiring special training, experience or knowledge; and (4) that the employee devote no more than 20 percent of his hours worked in the workweek to activities which are not directly and closely related to the three preceding job requirements. 29 C.F.R. §§ 541.2(a)(1), (b), (c)(1)-(2), (d). In her affidavit, Teresa Bonner stated – based on her personal knowledge of Haley's job duties as chief jailer and her own job duties as Haley's replacement – that Haley's duties as chief jailer required him to manage the detention center under the general supervision of the jail administrator, to exercise discretion and independent judgment, to have special training and experience, and to perform occasional non-management supervisory duties and responsibilities not more than 20 percent of the time. In contrast, Haley stated in his affidavit that in performing his duties as chief jailer he did not customarily and regularly exercise discretion and independent judgment, did not make any decisions of a significant nature concerning the operation of the detention center, did not need any special training or experience, and spent 30 percent of his time on routine clerical duties that did not qualify as office or nonmanual work. If the trier of fact

---

[5] In 2004, the regulation defining "employee employed in a bona fide administrative capacity" was amended and is now found at 29 C.F.R. § 541.200.

believes Bonner, then Haley was exempt from the FLSA while serving as chief jailer and is not entitled to any overtime pay. Conversely, if the trier of fact believes Haley, then Haley is entitled to the unpaid overtime compensation he claims. These factual issues preclude summary judgment in favor of either party on Haley's claim for unpaid overtime.

## CONCLUSION

Based on the foregoing, the County's motion for summary judgment is GRANTED in part and DENIED in part. The plaintiffs' motion for summary judgment is DENIED.

IT IS SO ORDERED this 21st day of March, 2007.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE