**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

LEON HALEY                                                                                           PLAINTIFF

v.                                        No. 3:05CV00024 JLH

CRITTENDEN COUNTY, ARKANSAS,
a Political Subdivision of the State of Arkansas                                   DEFENDANT

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Leon Haley's claim for overtime compensation pursuant to the Fair Labor Standards Act
came before the Court for trial on April 16, 2007.  At the conclusion of the evidence, the defendant
requested an opportunity to file a post-trial brief to respond to questions that the Court raised at that
time.  Both parties have filed their briefs, and the case is now ready for decision.

**I.**

Haley was employed by Crittenden County, Arkansas, beginning August 17, 1992.  He
worked in the detention center.  He was promoted to Chief Jailer at the detention center in December
2000.  He continued as Chief Jailer until September 30, 2002.  He is a member of the Arkansas
National Guard and went on active duty on October 4, 2002.  Haley worked more than 40 hours per
week on numerous occasions during his tenure as Chief Jailer, but he was not paid overtime.  After
he left the employ of the County in 2002, he wrote the Quorum Court and requested $2,705.55 in
overtime.  The Sheriff and the Jail Administrator objected, contending that Haley was exempt from
the overtime provisions of the FLSA.  The Quorum Court, however, directed that Haley be paid the
sum he requested, and he was paid by three checks issued in February and March of 2003.  Now he
is seeking additional overtime compensation.

## II.

The County contends that Haley was an "employee employed in a bona fide . . . administrative . . . capacity" as defined in 29 C.F.R. § 541.2.[1]  To be an exempt administrative employee, 29 C.F.R. 541.2 required (1) that the employee's primary duty consist of the performance of office or non-manual work directly related to management policies or the general business operations of his employer; (2) that the employee customarily and regularly exercise discretion and independent judgment; (3) that the employee either regularly assists an employee employed in a bona fide executive or administrative capacity or perform only under general supervision work requiring special training, experience or knowledge; and (4) that the employee devote no more than twenty percent of his hours worked in the workweek to activities which are not directly and closely related to the three preceding job requirements.  29 C.F.R. §§ 541.2(a)(1)-(2), (b), (c)(1)-(2), (d).[2]

Haley testified that he did not customarily and regularly exercise discretion and independent judgment, that he did only what the Jail Administrator, Bob Bretherick, instructed him to do, and that the daily activities of his job as Chief Jailer were not materially different than the daily activities of a jailer.

On the other hand, the County introduced the job description adopted on February 25, 1999, for the Chief Jailer position, as well as the testimony of the current Chief Jailer, Teresa Bonner.  The

---

[1] All references to the Code of Federal Regulations in this Opinion are to the Code as it existed between 2000 and 2002.  *See* Defining and Delimiting the Exemptions, 69 Fed. Reg. 22,122-01 (Apr. 23, 2004) (codified at 29 C.F.R. pt. 541).  The relevant portion of the Code of Federal Regulations was amended and renumbered in 2004, so the Code references used in this Opinion do not correspond to the current provisions of the Code.

[2] The regulation also included a minimum salary requirement.  29 C.F.R. § 541.2(e).  It is undisputed that Haley's salary was above the minimum.

job description provides:

CLASS TITLE___CHIEF JAILER_____DATE____February 25, 1999

CLASS SUMMARY

The Chief Jailer works under the administrative direction of the Jail Administrator and is responsible for the security and operation of the jail and the health and welfare of the jailers and inmates.  Other responsibilities include training and supervising jailers, directing the activities of inmates and administrative duties.  This position is governed by federal and state laws and policies and procedures established by the sheriff's department.

EXAMPLES OF WORK

1.      Interview applicants and recommend for hire, monitors and evaluates employee's work performance, approves all requests for leave (sick, vacation, military), makes work schedules and assigns work.

2.      Schedules, coordinates and assists with shake down inspections of the jail to eliminate contraband for safety and security.  Documents findings and takes appropriate actions.

3.      Performs surveillance of the jail, makes decisions about unusual incidents and writes reports for required documentation.

4.      Performs related responsibilities as required or assigned.

5.      Responsible for care and upkeep of equipment assigned to the jail.

6.      Has approval authority for time payments, signature bonds, and other related matters within the scope of the Sheriff's policies and directives.

WORKING RELATIONSHIPS

The Chief Jailer has contact on a regular basis with departmental personnel, other law enforcement officers, attorneys, families and friends of inmates and has constant contact with inmates.

SPECIAL JOB DIMENSIONS

The Chief Jailer is on twenty-four (24) hour call.  An element of danger exists in performance of job duties and responsibilities.

3

A person who actually performed the duties of Chief Jailer as stated in the job description and who was paid on a salary basis[3] would meet all of the elements of 29 C.F.R. § 541.2 and would be an employee in a bona fide administrative capacity exempt from the overtime provisions of the FLSA under 29 U.S.C. § 213(a)(1).  Teresa Bonner was a jailer who worked with Haley while he was the Chief Jailer, and she became the Chief Jailer shortly after Haley left.  She testified from personal knowledge regarding the duties of Chief Jailer.  According to her testimony, Haley's actual duties were consistent with those stated in the job description adopted by the County for the position of Chief Jailer.  Bonner was a credible witness.  The Court finds by a preponderance of the evidence that Haley was employed in a bona fide administrative capacity as defined in 29 C.F.R. § 541.2.

## III.

Another issue that arose during the trial was whether Haley was paid on a salary basis. Twenty-nine C.F.R. § 541.2(e)(1) provides that to be exempt from the FLSA as an administrative employee the employee must be paid on a salary basis.  Sheriff Richard Busby testified that if the Chief Jailer worked less than 40 hours per week, he would reduce his pay.  That testimony gave rise to the issue of whether the Chief Jailer was an exempt employee.  Twenty-nine C.F.R. § 541.118 explains:

> (a)  An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.  Subject to the exceptions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked.  This policy is also subject to the general rule that an employee need not be paid for any workweek in which he performs no work.

---

[3] *See infra* Part III.

* * *

(2)  Deductions may be made, however, when the employee absents himself from work for a day or more for personal reasons, other than sickness or accident.  Thus, if an employee is absent for a day or longer to handle personal affairs, his salaried status will not be affected if deductions are made from his salary for such absences.

Ordinance No. 1999-13 states the personnel policies and benefits for employees of Crittenden

County.  That ordinance provides, in pertinent part:

C.  Time and Attendance Reports:  All full time county employees, for pay purposes, shall work a minimum of 40 hours per week.  The county shall provide a standard time sheet that each employee shall complete and sign on a monthly basis.   Said time record shall be certified by the immediate supervisor/elected official and filed with the County Clerk not later than the fifth (5th) working day of the month following the time sheet certification. Probationary and temporary employees shall also be required to complete and file the said time record.  If any time record is not filed as required herein, the County Clerk shall not release the employee's paycheck for the period following the time when the time record should have been filed.

D.  Overtime and Compensatory Time: The County is subject to the provisions of the Fair Labor Standards Act of 1938, and the regulations promulgated thereunder, both as amended, and both being incorporated herein as if set out work [sic] for word.  Under the authority therein, each hiring official shall:

1)  Determine which of his employees, if any shall be exempt for [sic] the law;

2)  For those not exempt, maintain on the employee's weekly/monthly time and attendance record the number [of] hours worked in excess of 40 hours in a work week;

3)   Prior to authorizing an employee to work more than forty hours in a week, there shall be an understanding or agreement with the employee as to whether the employee shall be paid, or whether compensatory time off shall be granted.

4)  If compensatory time off is granted, a cumulative record shall be kept on the employee's time and attendance report.

5)  Perform other duties as specified under the law and regulations set forth.

E.   Absent Without Leave:   An absence of an employee from duty, including for a single day that is not authorized by the supervisor, shall be deemed to be absence without leave.   Any such absence shall be without pay and the employee may be subject to disciplinary action.   Any such employee who absents himself for three (3) consecutive days without leave shall be deemed to have resigned.

It is apparent from a review of these provisions of Ordinance No. 1999-13 that the County intended for all full-time employees to work a minimum of 40 hours per week; that the County intended to comply with the Fair Labor Standards Act of 1938 and the regulations promulgated thereunder and in fact incorporated the Act and regulations by reference; and that the County contemplated that some County employees would be exempt from the Fair Labor Standards Act. Section E of Ordinance No. 1999-13 provides that absence without leave for a single day will be without pay and may subject the employee to disciplinary action.  In light of the manifest intent of the policy that some employees be exempt from the Fair Labor Standards Act, and in light of the provision of the ordinance incorporating by reference the Act and the regulations, it is appropriate to read Ordinance No. 1999-13 in connection with the applicable provisions of the Code of Federal Regulations.  Twenty-nine C.F.R. § 541.118, which was quoted above, provides that an employee will be considered as being paid on a salary basis if he receives a pre-determined amount on a weekly or less frequent basis and the amount is not subject to reduction because of variations in the quality or quantity of the work performed; provided that deductions may be made when the employee is absent from work for a day or more for personal reasons, other than sickness or accident.  "Thus, if an employee is absent for a day or longer to handle personal affairs, his salaried status will not be affected if deductions are made from his salary for such absences."  29 C.F.R. § 541.118(a)(2). Section E of Ordinance 1999-13 provides that an absence without leave as small as a single day shall

6

be without pay.  It appears that this language is intended to conform to the provision of 29 C.F.R. § 541.118(a)(2).  Otherwise, the ordinance would say that absence for a single hour or some other period of time less than a full day would be without pay.  The Court also believes that Sheriff Busby intended to describe the County policy when he stated that, if the Chief Jailer worked less than 40 hours per week, his pay would be reduced.  The Sheriff did not say that he would reduce the Chief Jailer's pay contrary to Ordinance No. 1999-13, and the Court will not construe his testimony as indicating that he would disregard County policy as established by the Quorum Court.

In summary, the language of Ordinance No. 1999-13, read in conjunction with 29 C.F.R. § 541.118, establishes that the pay of an employee could be reduced if he were absent for a period of time as small as a day, which does not mean that an employee is paid other than on a salary basis.

In *Auer v. Robbins*, 519 U.S. 452, 117 S. Ct. 905, 137 L. Ed. 2d 79 (1997), the Supreme Court explained the salary-basis test as follows:

> The Secretary of Labor, in an *amicus* brief filed at the request of the Court, interprets the salary-basis test to deny exempt status when employees are covered by a policy that permits disciplinary or other deductions in pay "as a practical matter."  That standard is met, the Secretary says, if there is either an actual practice of making such deductions or an employment policy that creates a "significant likelihood" of such deductions.  The Secretary's approach rejects a wooden requirement of actual deductions, but in their absence it requires a clear and particularized policy -- one which "effectively communicates" that deductions will be made in specified circumstances.  This avoids the imposition of massive and unanticipated overtime liability . . . in situations in which a vague or broadly worded policy is nominally applicable to a whole range of personnel but is not "significantly likely" to be invoked against salaried employees.

*Id*. at 461, 117 S. Ct. at 911.  The Supreme Court adopted the Secretary's interpretation.  *Id*. at 461-63, 117 S. Ct. at 911-12.

Here, there is no evidence that Haley ever worked less than 40 hours without either vacation

leave or sick leave.  The Sheriff could not remember ever reducing an employee's pay for working less than 40 hours per week.  The County Clerk, Ruth Trent, could not recall that an employee's pay had been reduced because the employee had worked less than 40 hours per week without sick leave or vacation leave.  Based on the record as a whole, the Court finds that, as a practical matter, there was no actual practice or significant likelihood that Haley's pay would have been reduced except as permitted in 29 C.F.R. § 541.118 for employees paid on a salary basis.  Haley was paid a predetermined amount constituting all or part of his compensation on a weekly or less frequent basis. The amount was not subject to reduction based on the quantity or quality of his work, except that his pay could be reduced if he were absent without leave for a single day or more.  Haley was paid on a salary basis.

Haley was an administrative employee as defined in 29 C.F.R. § 541.2.  He was exempt from the FLSA under 29 U.S.C. § 213(a)(1).

**IV.**

Haley also has a claim for overtime pay for the time preceding his promotion to Chief Jailer. The FLSA provides that an action is barred unless it is commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.  29 U.S.C. § 255(a).  The County did not willfully violate the FLSA, so the two year period of limitations applies.  Haley filed his consent to join this action on December 15, 2005.  However, he was on active duty in the military from October 4, 2002, until June 26, 2006.  The statute of limitations was tolled during that time. 50 U.S.C. app. § 526(a).  Accordingly, Haley could make a claim for overtime beginning two years before October 4, 2002.  He became Chief Jailer in December 2000 and was an exempt employee

from that time forward.  In other words, Haley's claim for overtime compensation for the time preceding October 2000 is barred by the statute of limitations.  His claim for overtime compensation in October and November of 2000, before he became an exempt employee, is not barred by the statute of limitations.

Using the calculations that Haley prepared a few days before trial, it appears that he could be compensated at $12.08 per hour for 47.25 hours of overtime in October 2000 and 34.5 hours of overtime in November 2000.  If so, he was entitled to $987.54 in overtime compensation.  In February and March of 2003, the County paid him $2,705.55 to compensate him for overtime.  Hence, the County has paid Haley more than the amount of overtime owed to him, so Haley can recover nothing in this case.

## CONCLUSION

When Leon Haley was the Chief Jailer for Crittenden County, he was exempt from the Fair Labor Standards Act because he was an administrative employee as defined in 29 C.F.R. § 541.2.  The application of the two year statute of limitations bars Haley's claim of overtime for the time preceding October 2000.  Haley was not an exempt employee in October and November 2000, nor is his claim for those two months barred by the statute of limitations.  However, the County has already paid him overtime for an amount exceeding his claim for those two months.  Therefore, he will take nothing in this action.  A judgment will be entered separately.

DATED this 23rd day of May, 2007.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE